# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>                Plaintiff, )<br>)<br>)<br>)<br>v.                                 )<br>)<br>Approximately $157,000.00 in funds seized )<br>at Charlotte-Douglas International Airport )<br>from Carl G. Dockery; )<br>                Defendant. ) | **CONSENT ORDER AND JUDGMENT**<br>**FOR CLAIM OF DAVID P. HAGIE**<br><br>CIVIL ACTION NO: 3-16-CV-716 |

THIS MATTER is before the Court by consent of the United States of America, by and through Jill Westmoreland Rose, United States Attorney for the Western District of North Carolina and Claimant David P. Hagie ("Claimant"), through counsel, pursuant to 18 U.S.C. § 983(d) and Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. The Government and Claimant have consented to this Consent Order for Third Party Claim as a final adjudication and settlement of all matters with regard to forfeiture of the property identified in this case.

The parties have **STIPULATED AND AGREED** and the **COURT FINDS AS FOLLOWS:**

1. The Government has alleged in its October 17, 2016 Complaint for Forfeiture *In Rem* (Doc. 1) that the property identified in the Complaint, consisting of seized funds, constitutes or is derived from an illegal money transmitting business in violation of 18 U.S.C. § 1960. The Government identified the October 7, 2015 transaction in the property as a violation of § 1960 and

1

this Court has authorized the seizure of the property.

2. Following direct notice, David P. Hagie filed a claim on November 18, 2016. (Docs. 4 and 5). Claimant Hagie also filed an Answer to the Complaint on December 9, 2016. (Doc. 7). In essence, without challenging or agreeing with the allegations about the offenses that form the basis of the forfeiture action, Claimant argues that the funds are his legitimate property and were being transported by his close associate, Carl Dockery, for his personal use to place a bet in Las Vegas on Hagie's behalf.

3. As of the last day to file claims, December 19, 2016, no other party has filed a claim for the funds in which Claimant asserts an interest.

4. The Government has, after reviewing Claimant's statements under penalty of perjury and the materials he provided, determined that the totality of the circumstances in the instant case warrant a resolution of this matter regarding the one-time violation of §1960. Further, as of the date on which this Consent Order was signed by Government counsel, Government counsel has not obtained information to dispute Claimant's claims regarding the offenses set forth in the Complaint.

5. By entering into this Consent Order, Claimant agrees to, upon receipt of the Defendant currency, release and forever discharge his interest in all remaining property in this case, $7,850.00. In exchange for release of the interest, the Government agrees to pay Claimant $149,150.

6. The payment to Claimant shall be in full settlement and satisfaction of all claims by Claimant in this action and all claims against the United States resulting from the incidents or circumstances giving rise to this action.

7. Claimant agrees not to pursue against the United States any rights that it may have on the property in this case. Claimant agrees to withdraw his claim in the preceding administrative forfeiture proceeding regarding the Defendant currency. Claimant agrees to consent to any Government motion for forfeiture of any and all property in this case, other than the amount of $149,150. Claimant understands and agrees that the United States reserves the right to terminate the forfeiture action at any time.

8. The Government and Claimant waive any rights to further litigate between each other in this forfeiture action and agree that this Consent Order for Third Party Claim of David P. Hagie shall be in full settlement and satisfaction of all claims between Claimant and the Government in this forfeiture action.

9. To this end, Claimant agrees to release and forever discharge the United States, its agents, servants and employees, its successors or assigns, and all state or local government entities or law enforcement agencies in North Carolina and their agents, servants and employees, their heirs, successors, or assigns from any and all actions, causes of action, suits, proceedings, debts, dues, contracts, judgments, damages, claims and/or demands whatsoever in law or equity which he or his heirs, successors, or assigns ever had, now have or may have in the future in connection, with this, investigation, seizure, detention, and forfeiture.

10. Unless specifically directed by an order of the Court, Claimant shall be excused and relieved from further participation in this action.

**IT IS THEREFORE ORDERED THAT:**

Based upon the stipulations of the parties herein that Claimant satisfies one or more prongs of 18 U.S.C. § 983(d)(2) and (3), the Claim is granted to recognize that Claimant has an interest

3

in $149,150 in funds seized from Carl Dockery at the Charlotte Douglas Airport on October 7, 2015.

The Government and Claimant shall bear their own fees and costs incurred in this federal forfeiture action, including attorneys' fees.

Signed this 21st day of June, 2017.

Hon. Frank D. Whitney
UNITED STATES DISTRICT JUDGE


ON MOTION OF AND
BY CONSENT OF THE PARTIES:

JILL WESTMORELAND ROSE
UNITED STATES ATTORNEY

_____ Dated: June 12, 2017
Tiffany Mallory Moore
Assistant United States Attorney

_____ Dated: June 8, 2017
David P. Hagie
Claimant

_____ Dated: June 8, 2017
Michael A. Grace, Esq.
Attorney for Claimant